| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>915 10th Street<br>Greeley, CO 80631 | DATE FILED: October 22, 2019 1:44 PM<br>FILING ID: 99F59D1C9E489<br>CASE NUMBER: 2019CV30865 |
| Plaintiff: JOSHUA MACDONALD<br><br>Defendants: TRISTAR RISK MANAGEMENT and SAFETY NATIONAL CASUALTY CORP. | ▲ COURT USE ONLY ▲ |
| Attorney:<br>Jennifer E. Bisset, Esq.<br>BISSET LAW FIRM<br>1471 Stuart St.<br>Denver, CO 80204<br>Phone: 303-894-8900<br>Fax: 303-407-8001<br>E-Mail: jennifer@bissetlaw.com<br>Atty. Reg. #13150 | Case No.:<br><br>Courtroom: |

## COMPLAINT and JURY DEMAND

**Plaintiff Joshua Macdonald**, by and through his attorney, Jennifer E. Bisset, Esq., for his Complaint states and alleges as follows:

### I.  PARTIES AND JURISDICTION

1. Plaintiff Joshua Macdonald resides at 2345 School House Dr., Milliken, CO 80543. Macdonald was injured on March 25, 2016 while working for the Berthoud Fire Protection District.

2. The Berthoud Fire Protection District secured coverage for workers compensation through the Colorado Special Districts Property and Liability Pool, as permitted by C.R.S.§8-44-204.

3. The Berthoud Fire Protection District secured either reinsurance or excess insurance coverage for workers compensation through Defendant Safety National Casualty Corporation.

1

**EXHIBIT A**

4. Defendant Safety National Casualty Corporation is a foreign corporation with a principal office address of 1832 Schuetz Rd., St. Louis, MO 63146.

5. Defendant TRISTAR Risk Management is a third party administrator contracted to provide claims management services for injured employees of the Berthoud Fire Protection District.

6. Defendant TRISTAR Risk Management is a foreign corporation, with a principal office address of 100 Oceangate, Suite 700, Long Beach, CA 90802.

7. This court has personal and subject matter jurisdiction over this action pursuant to C.R.S.§13-1-124(1)(a), (b) and (c).

8. Venue is proper pursuant to C.R.C.P. 98(c).

## II. GENERAL ALLEGATIONS

9. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 8, as if fully set forth herein.

10. Macdonald is employed by the Berthoud Fire Protection District, serving as a fire investigator.

11. Based upon his employment, Macdonald is covered for work injuries by the Colorado Special Districts Property and Liability Pool.

12. While at work on March 25, 2016, Macdonald was inspecting the scene of a fatal fire, when he fell through the floor boards, injuring his left leg, and experiencing extreme knee pain.

13. At the time of his injury, Macdonald was 30 years old.

14. Macdonald promptly reported the injury to his employer, Berthoud Fire Protection District.

15. Shortly after receiving notice of the claim, Defendants accepted the claim and filed a "General Admission of Liability."

16. Macdonald underwent multiple surgeries beginning in 2016 to treat the work injury including reconstruction of the left knee anterior cruciate ligament, but developed

multiple infections, necessitating multiple revisions and hospitalizations, and prolonged rehabilitation care.

17. Dr. Michael Tracy took over Macdonald's pain management in September 2016,

18. Dr. Tracy referred Macdonald to Dr. Jeremy Kinder an orthopedic specialist at Colorado Limb Consultants, for management of his failed left knee reconstruction, and recurring infections.

19. In May 2017, Dr. Kinder recommended a graduated procedure to treat the infection and to prepare Macdonald for a total knee replacement.

20. Dr. Kinder performed surgery in June 2017 to remove hardware, place an antibiotic spacer and prepare the knee for a total knee replacement.

21. After treatment with antibiotic spacers, and upon belief that any infection was cleared, Dr. Kinder performed surgery in September 2017 to implant a total knee joint.

22. In October 2017, Macdonald again developed serious infection involving the total knee prosthesis.

23. On December 5, 2017, Macdonald underwent an above the knee amputation of his left leg at Presbyterian/ St. Luke's Hospital.

24. Macdonald received care at Spalding Rehab Center following surgery and was discharged January 4, 2018.

25. As a result of the above the knee amputation of the left leg, Macdonald is wheelchair dependent.

26. When an injured worker becomes wheelchair dependent, the employer or its insurer(s) and claims administrators must provide modifications to the injured workers home in order for the wheelchair to be usable in the home.

27. Following the amputation surgery, Defendants acknowledged that Macdonald would need home modifications to be able to use his home.

28. Following the amputation surgery, Macdonald was unable to return to his home, because he was wheelchair dependent and he had difficulty getting through any doorway in the home.

29. Macdonald was provided with a leg prosthesis, but due to pain, was unable to reliably use the prosthesis for an extended period of time.

30. As a result of the above the knee amputation and difficulty in using the prosthetic, Macdonald is at risk of falling.

31. Defendants hired "Priority Care Solutions" to arrange for vendors to evaluate Macdonald's home for modifications.

32. Through Priority Care Solutions Defendants obtained two bids, from separate vendors.

33. The first vendor visited the home January 26, 2018, and provided a bid for the necessary modifications on February 5, 2018.

34. The second vendor visited the home on February 7, 2018, and provided a bid for the necessary modifications on February 19, 2018.

35. Defendants did not provide any explanation for rejecting the first two bids obtained by Priority Care Solutions.

36. For reasons unknown, neither vendor was approved, and no modifications to the home were authorized by Defendants.

37. Meanwhile, Macdonald was unable to return home due because his accessibility in the home was limited by his dependence on a wheelchair.

38. Defendants provided alternate housing at the local Holiday Inn Express.

39. Defendants challenged Macdonald's need for home modifications because he was provided with a prosthesis.

40. In April 2018, counsel for defendants and Macdonald's workers compensation attorney, conferred with Macdonald's authorized treating physician Dr. Tracy about the scope of necessary home modifications

41. Dr. Tracy confirmed all modifications identified by Priority Care Solutions were indeed necessary.

42. Following the conference with Dr. Tracy, Defendants did not confirm that the home modifications Macdonald needed in order to go home would be approved.

43. Instead, Defendants hired David Corey, Inc. to manage the home modification process.

44. An additional bid was secured by David Corey on or about May 21, 2018.

45. Nubilt Restoration and Construction was hired to do the work to modify Macdonald's home.

46. Nubilt obtained a Residential Remodel permit from the Town of Milliken in November 2018.

47. Work was not completed on Macdonald's home until February 2019.

48. Macdonald was left at the Holiday Inn Express to fend for himself from January 2018 until February 2019.

49. The inability to return home after the traumatic experience of undergoing the amputation of his left leg above the knee was a hardship, and it affected his relationships with his family.

50. Macdonald also has a service-connected therapy dog who was unable to stay with him at the Holiday Inn.

51. Under the care of Dr. Tracy, Macdonald was managing his pain with opioid medications and was at risk for an accidental overdose while living alone at the Holiday Inn.

52. Defendants refused to pay for several needed home modifications that affected Macdonald's access to his home, such as widening the door to the second bathroom, and allowing two points of access to his kitchen while in his wheelchair.

53. At no time did defendants offer an explanation for the denials and delays in modifying Macdonald's home, which would allow him to return and live at home.

### III. CLAIM FOR RELIEF
(Breach of the Covenant of Good Faith and Fair Dealing)

54. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 53, as if fully set forth herein.

56. The Colorado Workers Compensation Act has the humanitarian purpose of assisting injured workers and their families by giving them a reliable source of compensation.

57. The Act is intended to assure the quick and efficient delivery of disability and medical benefits without the necessity of any litigation.

58. Defendants are obligated to deal fairly and in good faith with an employee such as Macdonald who suffered an injury on the job throughout the course of the claim.

59. Defendants' duty of good faith and fair dealing is non-delegable.

60. Defendants must conduct a reasonable investigation based on all available information before refusing to pay a covered benefit.

61. Defendants have a duty to promptly investigate, evaluate and approve a covered benefit.

62. Defendants have a duty to act promptly, in both communication and investigation, in response to a claim.

63. Defendants acted unreasonably by denying and delaying benefits, despite receipt of reasonable medical opinions from Macdonald's treating physicians that justified paying the covered benefit.

64. Defendants knew or should have known that their conduct in denying and delaying a covered benefit was unreasonable and that the denial and delay in providing home modifications could cause Macdonald to suffer unnecessary physical and emotional pain.

65. Defendants recklessly disregarded the fact that their conduct was unreasonable.

66. The expense and delay involved in these disputes was unnecessary.

69. As a direct result of the Defendants' breach of their duties of good faith and fair dealing, Macdonald suffered injuries, damages, and losses, including, but not limited to: unnecessary pain and suffering; unnecessary financial hardship and emotional distress; costs; anxiety and depression.

**WHEREFORE,** Plaintiff Joshua Macdonald prays for judgment against Defendants for:

      a. Economic damages;
      b. Non-economic damages;
      c. Pre and post judgment interest as provided by law;

      d. Attorney fees, expert witness fees and costs;
      e. Such other and further relief as the Court deems just and proper.

### **PLAINTIFF DEMANDS A TRIAL BY JURY**

Date:   October 22, 2019            Respectfully Submitted,

                                                    **BISSET LAW FIRM**
                                                    *A signed original is maintained in our office*
                                                    /s/ *Jennifer Bisset*
                                                    Jennifer Bisset, No. 13150
                                                   ATTORNEY FOR PLAINTIFF

<u>Plaintiff's address:</u>
2345 Schoolhouse Drive
Milliken, CO 80543